1274, Gabelli v. Albert v. the Securities and Exchange Commission. Mr. Lyman. Mr. Chief Justice, and may it please the Court, this case concerns a statute dealing exclusively with penalty claims brought by government agencies to punish conduct made unlawful by statute. Congress provided a clear and unambiguous and easily administered statutory time limitation on the government's power to punish. Five years except as otherwise provided by Congress. The case does not concern, the statute does not concern, the government's power to seek remedial remedies such as disgorgement and injunction. Consistent with Congress's The Court below, for the first time over the centuries the statute has been in existence, sweepingly concluded that unless Congress clearly directed otherwise, the statute and the five years did not begin to run from the time the defendant violated the law, the ordinary rule for statutes providing for accrual. But instead Ms. Lyman, you are typing this a penalty case. The government says, yes, accrual is the ordinary rule, but discovery is the rule when there's fraud, and fraud is alleged here. So how does the Court decide whether to type this case a penalty case, as you urge, or a fraud case, as the government urges, when both captions fit? Your Honor, I think there are two answers to that. The first is that the Court doesn't need to decide. Congress has decided. Congress made it quite clear that the rule of accrual applied to all penalty claims. And as this Court held in Clark v. Martinez, the same word in a statute cannot be given different interpretations depending on the underlying statute to which it is applied. The second reason, though, Justice Ginsburg, is that it is not correct to say, and this Court has never said, that either the Bailey rule or the injury accrual rule applies to a statutory fraud claim where the government is seeking to punish. That would be the case. Kennedy, excuse me, Justice Ginsburg points out that you're talking about the statute, but the statute uses the term accrual. Is it correct to say that the term accrual is not used in statute of limitations for crimes, generally, for crimes? For crimes, the general word that is used is time period from the violation. Right. And this talks about accrual. So that is indicative, is indicative of the fact that Congress is using a civil analogue in the drafting of a statute. Your Honor, it indicates that Congress is using accrual as it is understood at common law. Common law, it means when a claim becomes ripe and the plaintiff has the ability to sue. What that means is, as the D.C. Circuit said in 3M, and we think the D.C. Circuit got it right on this, that you look to the underlying statute pursuant to which the government is seeking a penalty to see when the claim became ripe. In a penalty situation and under the IAA, which is what this concerns, it doesn't concern a common law fraud claim, it doesn't concern a claim where there is even any element of deception that's required. It's a breach of fiduciary duty. What the IAA says is that the government can sue when the violation occurs. Sotomayor, I'm sorry, but I'm not going to go into the details of the IAA, but I'm going to go into the details of the statute. Mr. Lyman, I understand your argument, but I have a fundamental difficulty, okay? Bailey and Exploration Company, which statute is not too dissimilar from this one, is the one who read the discovery rule into a fraud claim, both for a civil litigant and for the government. The only way that I can tease out a potential difference between Exploration and this case is somehow that the penalty in this case is not for injury, but for the --"for punishment," as you called it. Government as enforcer rather than government as victim. Some of us would say that the common wheel is injured whenever someone breaks a law, so that that distinction between enforcer and victim makes no sense. How do you answer that point? Justice Sotomayor, let me give you the precise answer to that, which is that in this case where the government is seeking a penalty, it is not acting on behalf of underlying investors, and the recovery is not one that is brought by way of damages or disgorgement. Sotomayor, it's asking the sovereign to protect what it thinks is an ordered society. And if you break that order, you're injuring the society. That's the best. Your Honor, I think that that is the articulation that the government would have to make. I don't think it holds up for several reasons. First of all, it would represent an extreme departure from anything this Court has ever held or, to our knowledge, any court has ever held with respect to the application of the discovery rule. Second, when you're talking about penalty, you're not talking about recovery to victims. Third, when we're talking about implying a rule, which is what the government's argument is here, it's not an argument to follow the plain language. It's an argument to depart from the plain language. You should look at, and the cases direct you to look at, the policy concerns. And when you're talking about discover — a discovery rule with respect to the government as enforcer, the rules don't work. They don't work for several reasons. First of all, when you've got an injury, a party who's injured, the statute of limitations has a natural start date that is not in control of the plaintiff, that bears a relationship to the underlying violation, and that can be readily measured. None of that is true when you're talking about the government in a law enforcement  Kagan Well, Mr. Lyman, what we've suggested when we've talked about the discovery rule is that it has its basis in the notion that a defendant with unclean hands who has committed deceptive conduct, preventing the plaintiff from understanding that he or it has a cause of action, you know, shouldn't be entitled to the benefit of a statute of limitations. And if that's the understanding that lies behind the discovery rule, I guess the question for you is, why doesn't it apply in this case as well as in the case where the person bringing the action has himself suffered a harm? Justice Kagan, I've got two answers to that question as well. The first is that that, I don't think, is the basis for the discovery rule at bottom. Basis for the discovery rule, if you look at this Court's opinion in Rotella, if you look at the Seventh Circuit in Cato, the D.C. Circuit in Conard, is the notion that when the plaintiff cannot discover the injury, doesn't know that it's been injured, and cannot reasonably know that the plaintiff's been injured, the plaintiff cannot take the steps that other plaintiffs would take to investigate and determine whether they've got a cause of action. That's not applicable in a government enforcement context, because you're not talking about there the government as a victim. The government may not know of the underlying transaction, will not know of the underlying transaction, unless the government asks. The second reason is that there is a strain that, in the Bailey line of cases, that really speaks in terms of equitable tolling and fraudulent concealment, that sort of a notion of unclean hands. That's not in this case, because the government affirmatively took it out. But we would submit that. Ginsburg-Gilmour. How did the government take it out? I mean, the point here is that there was a concealment. There was a hiding of what was the impermissible action. That's not correct, Justice Ginsburg. If you look at the opinion below and you look at the complaint, the essence of the complaint, and I'll give you a chance to disprove before you on a motion to dismiss, is that there were misrepresentations and omissions made to the board of the mutual fund. There was no misrepresentations made to the investing public. That allegation is not in the complaint. It would not be accurate. And there is no allegation whatsoever that anything was hidden from the government or was in any way concealed from the government. The records here would have been available, were available for the government to look at at any time. Sotomayor, in finishing up a point you were just on previously, what's your position with respect to fraudulent concealment? Doesn't your theory preclude even the application of that to tolling of the statute? Your Honor, I think you could and should conclude that if you reach that issue. I don't think you need to reach that issue. And our theory doesn't require you to come to that conclusion. It's nice for you to say that, but tell me, having announced your theory, how the next step is avoidable. Under what theory would we say you can't have a discovery rule, but you can have a fraudulent concealment rule? Your Honor, in the using the same type of theory and the same methodology that the Court employed in the RICO context, in the Clare case, and in the Rotella case, one can read the statute, I think you have to read the statute here, to say that accrue means accrue. It's the time that the government can first sue. That does not necessarily resolve the question of whether there are equitable exceptions that the government or any party could affirmatively assert to toll the statute of limitations, not to delay the accrual of the statute of limitations. Mr. Lyman, you acknowledge that a civil action could be brought, beginning from the time when the injured plaintiff discovers the fraud, right? That's the highest. So you're really not arguing for what you might call a total statute of repose. It seems to me odd that the defendant would be relieved from prosecution by the government, but not relieved from a suit for sometimes very substantial damages by an injured plaintiff, who doesn't have to sue until he's discovered the fraud. Your Honor, respectfully, we think that it's not odd at all. If you look at the – in the securities context, there is a 5-year statute of repose. And it would be odd to think that the same Congress that passed that 5-year statute of repose, limiting even the ability of an injured plaintiff without the tools of the government, to have it sued for damages, that's Congress' view. Well, sure, but that 5 years doesn't begin to run until the private plaintiff discovers the fraud, right? That's not correct, Your Honor. Under Title 28, 1658b, the 5 years runs from the time of the violation. It's exactly coextensive with 2462, and it's not an accident that it's exactly coextensive. Ms. Dillard, how does it work with the disgorgement remedy? I take it that that's still – that you're not challenging the disgorgement. We're not challenging the disgorgement in front of this Court. And if this Court reverses the Second Circuit, that issue will remain in the case, and the SEC's claim for disgorgement will remain. And that's really in a way— You don't apply – you don't say it's too late for them to sue for disgorgement. 2462 applies exclusively with respect to penalties, fines, and forfeitures. It does not apply with respect to— So is there any statute of limitations on disgorgement? There is none. There is none. Does it apply to Social Security? Does it apply to Veterans Affairs? There is a Social Security statute that— Actually, does this statute apply to Social Security? Does it apply to Veterans Affairs, yes or no, or you don't know? I don't know on Veterans Affairs. What about Social Security? Social Security, there is an underlying statute— Then I'm asking about this statute. The answer is yes. The answer is yes. It applies to a broad range of statutes, unless Congress otherwise provided. In fact, there are very few penalty statutes to which it does not apply. Defense Department. It does apply to a number of Defense Department statutes. I'm hesitating— Antitrust? I'm not sure on antitrust. But I believe that it applies to – it does apply to a number of unfair trade practices. Antitrust, there may be a separate statute of limitations. FTC, you don't know? FTC, yes. It does apply to FTC. Okay. So Social Security, FTC. Veterans Affairs, we don't know. Antitrust, we don't know. Okay. Yeah, Vance, yeah. One of the notable features, Justice Breyer, is that if you look across the U.S. Code, the government makes a point of saying, well, Congress uses penalty, acknowledges that Congress has used penalty when – the word penalty when Congress has – I'm confused in your answer to Justice Scalia. You said that the underlying case has a 5-year statute of repose for a civil claim. If Bailey applies, however, those claimants who have, under your theory, who have been directly injured, the presumption would apply of discovery. If they were claiming a fraud. So are you just arguing that under this statutory scheme, there is no application of the discovery? This Court has held in the Lampf case that Bailey and Holmberg do not apply to securities fraud. Because of the alternative language of 5 years and – Well, in Lampf, it was 1 year and 3 year, and in the Murr case, the Court made clear that the 5 years was a statute of repose. Sotomayor, when I'm thinking of Medicare, Medicaid? Yes. It is true, though, isn't it, that Justice Scalia pointed to an anomaly that could easily exist in other contexts, right? Because this isn't only a statute about securities violations. So that you might have in other contexts in which this statute applies a world in which a private individual could sue, but the government could sue after the period assigned of 5 years, but the government could not. Yes, Justice Kagan. And we don't think that's an anomaly. We don't think it's an anomaly for two reasons. First of all, in the private context, as, again, I mentioned, the statute, the start date for the statute of limitations is not in the control of the plaintiff. That's a critical point. It's critical in this Court's jurisprudence from Kubrick forward. It's there's a natural start date from when the injury would be known to a reasonable plaintiff. Not true with respect to the government who may not even know of the transaction. And but what it so it's I don't think there's an anomaly because they're different statutes of limitations. And I take it that your view would be that a case like Exploration is different from this case because it does have a natural start date? Is that the idea? Number one, it does. And number two, the relief being sought in Exploration was the cancellation of a patent. So it was the government as a party to a transaction. And what the Court really said in Exploration, what the Court in fact said in Exploration is that there was no reason why the same rule applied the same way couldn't benefit the government as well as a private plaintiff. What the government is seeking here is not the same rule and would not be applied in the same way because you're talking about a transaction that is a frankly a private transaction that there's no reason that the government would know anything about it. The claim ultimately here is a claim about what was said in a private conversation between the advisor to a mutual fund and the mutual fund fund board. So Exploration, what's notable is that the government doesn't cite a single case where the discovery rule has been applied to a party who's not a victim or that it's been applied where it's been applied and a penalty hasn't been — a penalty has been at issue. I mean, neither of those circumstances. We're talking about a statute ultimately where the plain language is clear and the plain language is clear, but the government is using the word canon not to try to interpret language of the statute, not even to fill a gap in the statute, but to override it. The canon that they say overrides the plain language doesn't exist. Kennedy in a civil action brought by an injured investor, a private party, can that be a presumptive showing of liability? Your Honor — In other words, the SEC makes an investigation, finds a violation. Can a private investor then rely on that as a presumptive showing of liability? I think the lower courts are mixed on the extent to which you can rely upon the actual allegations in a complaint by regulation. No, it's not the allegation. It's an ultimate finding. Absolutely, on the — Well, but then under your rule, the plaintiff would be deprived of that. No, that's not correct, Your Honor. Under our rule, the plaintiff has exactly the same rights, regardless of how this case is determined. The plaintiff's cause of action will turn upon the underlying — And the private investor doesn't have the advantage that exists in other cases of reliance on an SEC finding as a presumptive showing of liability. Your Honor, that — our argument only applies with respect to penalty. The government has huge powers with respect to disgorgement and injunctive relief. So if the government believes that there is a wrongdoing, the government still has the ability to bring a claim, and the private investors still have the ability to rely upon the government's enforcement action and whatever findings come out of that. So there's nothing in our argument that diminished to any degree the recovery abilities of a private plaintiff. In fact, as we've highlighted, that 5-year period of — for the — in the securities laws sort of puts a premium on the SEC acting promptly. And I would note that that's something that is not accidental. If you go back in the legislative history and look to the SEC's reaction to the Lampf decision, the SEC urged a 5-year statute of repose, saying that that struck in the private context the right balance between repose when you're dealing with complex commercial transactions and enforcement and — and recovery. There's the position that the SEC is taking now is a novel position that to — to our knowledge has not been taken by other regulators and hasn't been taken by the SEC until — until quite recently. This statute's been on the books for quite a long time, and it's notable that agencies have not urged that — that interpretation. Ginsburg. Are there no statutes, Mr. Liman, that say the claim accrues when the injury is discovered that use both — both terms? Liman, I'm sorry, Justice Ginsburg, I missed the question. Are there no statutes that use both terms, accrues and discovery? A statute, for example, that says this claim accrues when the injury is discovered. There are statutes that use that kind of language, and that's precisely our point, because it reflects that Congress recognizes the difference and could, if Congress wanted, provide that a claim for the violation of the IAA or for any other statute accrues when it is discovered. If there are no further questions, I'd like to reserve the remainder of my time. Thank you, counsel. Mr. Wall. Mr. Chief Justice, and may it please the Court, I think Justice Kennedy started us off in the right place by focusing on the statute and its use of the term accrual. And when counsel concedes that that term had an established meaning at common law and this statute picks it up, I think he gave away his case because there were a cluster of concepts. One was the general rule governing accrual. It accrues when the plaintiff can — has the right to sue. But there was a specific principle for cases of fraud and concealment. And I don't think there's any basis in law or logic for Petitioner saying that this statute meant to pick up one of those concepts and not all of them. Scalia I don't think the common law held that it didn't accrue. I think it was an exception to the accrual rule, that even though it accrued earlier, we're going to allow a later suit where discovery is made later. Is that the way those cases were framed, that it didn't accrue until discovery? Justice Scalia, I don't want to fight about it too much, because from the government's perspective, it doesn't matter. Scalia Well, you're making the argument, so you ought to fight about it. Justice Kelley Well, it doesn't matter how it's labeled. It doesn't matter whether we label it as an interpretation of the statute or an exception for cases of fraud or concealment. The result is the same. But I will say, you are right, in some cases it was described as an exception. But as long ago as Kirby in 1887 and as recently as Merck, there's no exception. Scalia And never in a criminal case, right? Do you have a single case in which the discovery rule was applied in a criminal case with respect to a penalty or a criminal sanction? Justice Kelley No, not in the case. Scalia Not a single one? Justice Kelley No, the criminal context is fundamentally different. This Court has said that those statutes are construed liberally in favor over opposed and are presumptively not subject to the statute. Breyer Now, that's the question, because I certainly agree with Justice Scalia that this is not an SEC statute. This is not a security statute. It is a statute that applies to all government actions within a huge category. Across the board, and it's about 200 years old, and until 2004, I haven't found a single case in which the government ever tried to assert the discovery rule where what they were seeking was a civil penalty, not to try to make themselves whole where they're a victim. With one exception, a case called Maillard in the 19th century where they did make that assertion, they were struck down by the district court, and the Attorney General, in his opinion, said the district court's absolutely right, of course the government cannot effectively abolish the statute of limitations where what they're trying to do is to gather something that's so close to a criminal case. So my question is, is there any case at all until the year 2004, approximately, in which the government has either tried or certainly succeeded in taking this general statute and applying the discovery rule where they are not a victim, they are trying to enforce the law for the civil penalty? The reason I brought up Social Security, Veterans Affairs, Medicare, is it seems to me to have enormous consequences for the government suddenly to try to assert a quasi-criminal penalty and abolish the statute of limitations. I mean, in a vast set of cases. And that, you know, I've overstated that last remark a little bit, but I want you to see where I'm coming from, which isn't so different from the questions that have been put to you. Wallenberger, Justice Breyer, most or many of the penalty claims that are being brought under Section 2462 and other penalty statutes don't deal with fraud or concealment. And I grant you that it is a problem. Breyer, all I'm asking you for is one case. So it's a problem of fairly recent vintage, to be sure. No, it is not a problem of fairly recent vintage. I'd say for 200 years there is no case. The only case, as far as I've been able to discover, which is why I'm asking, is that what created the problem of recent vintage is that the Seventh Circuit, I guess, or a couple of other circuits, decided that this discovery rule did apply to an effort by the government to assert a civil penalty. That's what created the problem. Before that, there was no problem. It was clear the government couldn't do it. All right. Now, you will tell me that I'm wrong by citing some cases that show I'm wrong, and that's why I'm asking. I want to be told I'm wrong. Go ahead. Wallenberger, Justice Breyer, and I guess what I want to tell you is there aren't cases out there one way or the other. There aren't cases endorsing or declining to adopt the discovery rule in the context of fraud or concealment with civil penalty action. Scalia, you'd expect that. You'd expect there to be some cases in a couple of hundred years. No, I haven't found one. Fraud is nothing new, for Pete's sake. Justice Scalia, it's not that. This is a brand-new assertion by the government that what – tell me, is there much difference between the rule you're arguing for and a rule that there is no statute of limitations? Absolutely there is. Since – look, in 1990, the commission was given the right to seek civil penalties, so it could only have brought these actions for the last 20 years. In those 20-plus years, we've seen 25 reported cases dealing with 2462 and civil penalties. In 19 of those cases, the commission brought its action within 5 years of the end of the fraud. It used the discovery rule only to reach back and get the beginning of the fraud. Well, but that ignores the point that's been raised, is that this statute does not just apply in the SEC context. How many cases have you found across the board in the range of those areas that Justice Breyer cataloged? There are cases from the 1980s and 1990s dealing with concealment, and in our view the justification is the same. Concealment is fraud. Breyer, we're asking the same question, but in 30 seconds I'm going to conclude there is none. What I want is a case before the year 2000 in which the government sought a civil penalty and was not trying to recover money or land that it had lost, and I want the name of that case in which they said that the discovery rule applies. The two that you cited, Amy and the case of Broderick's Will, did involve the government being injured by losing land or losing money, something like that. So I have those, and I don't think they count, but I'll look at them again. Is there anything else you would like to refer me to? Justice Breyer, I don't think there's anything on either side of the ledger. I will be very up front, other than the Maillard case, which I think even courts at the time, an exploration company, the Court of Appeals recognized. It's not a matter of there being nothing on either side of the ledger. What's extraordinary is that the government has never asserted this, except in the 19th century when it was rebuffed and repudiated its position. It isn't just that there are no cases against you. It's you've never — the government has never asserted it before. Justice Scalia, there were very few civil penalty actions in which the — that involved fraud or concealment in which the government would have needed to invoke it, or did invoke it and was rebuffed by courts. I mean, this is a fairly modern problem, and the question is, do all of the same concepts that compelled one answer in these other contexts compel the same answer here, or does a rule that blankets the power of contention? Sotomayor So this is a very modern problem, but how about the statute of Elizabeth, which talked about penalties as being a criminal sanction, but permitted private individuals, not the government, to seek the penalties and keep them? So you cite the statute of James, and I look at the statute of Elizabeth and try to find the analogy between which one. Oh, if this were a criminal penalty, the government agrees. Even though the — even though private parties could keep the money back there. That's right, but I — what the Court's been clear on is that there are civil penalties and there are criminal penalties, and which side of the line it falls on invokes a different set of background rules and legal norms. Congress denominated this as a civil penalty. Sotomayor Could I move you to another issue? If a party can defeat the government's claim of discovery by showing that the government wasn't reasonably diligent, how does a party ever accomplish that? Aren't you going to raise the law enforcement privilege, the — some other privilege to block discovery? Justice Sotomayor, discovery is playing itself out in cases like these in the district courts. Privilege has not been a very major issue, and the reason is defendants are, by and large, pointing to things in the public domain, private lawsuits, public filings with the commission, public statements to say those put the commission in a constructive place. Sotomayor Well, if they fail there, don't you think that they're going to also fail because they're not going to be able to look at your records to figure out exactly what you knew and didn't know? No, not invariably. I mean, the way this plays itself out in the district court is the commission says that it didn't know, and a defendant points to something in the public domain and says either that put you on constructive notice or —  So it depends really on, you know, how many enforcement officers the SEC has. Is it reasonable for them to have been aware of a particular item in some publication? Maybe if they've got a thousand people reviewing it, but maybe not if they have ten. And that's just not the — I mean, it's not just the SEC. It's all these other government areas. It seems to me that it's going to be almost impossible for somebody to prove that the government should have known about something. And which part of the government? I mean, it's a big, big government, and particular agencies, well, you say, well, the defense contractor board should have known, but does that mean that the U.S. Attorney's Office or the defense counsel's office should have known? It seems to me that at least with respect to that aspect, you really are eliminating any real — It's certainly not a lot of repose if the idea is, well, I've got to establish that this particular government agency should have known about this. That's — you certainly can't sit back and say, well, 5 years has gone by and — Mr. Chief Justice, they can't point to a single case where it's been difficult here, and it hasn't been difficult — They can't point to a single case? Where it's been difficult in order to make that determination. And it hasn't proven difficult — So you think it's significant if you can't point to a single case? Well, I think there are — where you should expect those cases to exist, yes. Are there cases discussing whether or not a government agency has been diligent in pursuing a fraud, a fraud investigation? You see, in the private context, we have some sense of what the plaintiff has to do to protect the plaintiff's rights. You have to be diligent. But to transpose that to a governmental agency, suppose the agency says, oh, we're overworked, we're underfunded. I don't — which way do you come out when the government says that? Justice Kennedy, not just this statute. There are other statutes, the False Claims Act and others, that have specific provisions requiring courts to determine when a government official would reasonably have been on notice of certain circumstances. That hasn't proven difficult in those contexts. It's been difficult here. Well, I have the same question that Justice Kennedy just asked. What if a claim could have reasonably been discovered by a government agency if it had more resources? But given the resources that it had, it couldn't have reasonably discovered the claim. Would the discovery rule apply there? I don't think so, Justice Alito. I mean, I think we could say that there might be circumstances where the commission would be on constructive notice and not a private plaintiff because of its expertise. It would see something in the public domain that should be meaningful to it that might not be meaningful to a private plaintiff that wouldn't be able to do it. Scalia. The False Claims Act example you give is, indeed, a private plaintiff kind of a case. Yes, you can say the government, having been cheated, should have known it was cheated. But we're talking here about prosecution, essentially, prosecution for a civil penalty rather than a criminal. By the way, doesn't the rule of lenity apply, whether the penalty is criminal or civil? So if I think the word accrual is, at best, ambiguous, shouldn't the tie go to the defendant? No. The Court's been very – I mean, in all of the civil cases applying the fraud discovery rule, the Court has never looked to the criminal analogies. The canon here is that ambiguities get to the sovereign not against it. Does the rule of lenity not apply to all penalties? I don't think it applies in the context of a civil penalty. I don't think the defendant – I don't think the defendant – You sure of that? My belief is the contrary. I can't say that I focused on it specifically, but I think if the Petitioner said it – Well, it's an important issue in this case, surely. I mean, if accrual is ambiguous and we have a rule of lenity, we should interpret it to favor the defendant. Justice Scalia, I don't – Petitioners certainly couldn't claim that this civil penalty should have to be proved beyond a reasonable doubt or that they are entitled to a constitutional right to counsel. I don't know why one legal norm among them all should change in the civil context and not the others. Breyer's reason would be that the – you know, once you start talking about applying this to Social Security, for example, or to Medicare, for example, or to DOD, for example, you have somebody who did commit some fraud and they kept the money. You know, she had five children, not four, or she had five, not six. And I can understand it being fair when the government catches her, you know, 18 years later, they say we want our money back. Okay, I say that's fair, not necessarily merciful, but fair. But then to go and say, and in addition, we want this civil penalty, even though, of course, we couldn't have discovered it. Don't you know there are 4 million people who get Social Security or 40 million or something, and we can't police every one? And so suddenly I see I'm opening the door, not just to getting your money back, but to also you're having what look like criminal penalties years later, without much benefit of a statute of limitations. That is at the back of my mind, and I'd like to know, having brought it up front, what your response is. Absolutely. There are anomalies on both sides of the coin, and I just want to touch on them both very briefly. Take the example you gave. In that situation, the defendant's fraud or concealment would allow it or him to escape paying civil penalties, but not private damages. That's right. This Court has never privileged a private lawsuit above a government enforcement action in the securities context. But this is not the securities context. This is the context of this. That's why I started down the road I was down. But even in that context, imagine if there's a private right of action, the private plaintiff will be able to recover damages and the government will not. Yes, because you have two people who are hurt, where two people have been hurt. For example, I wrote the case in Merck. We had the statute of limitations, and Congress focused on this, and it wrote a two-tier statute. And it wrote a two-tier statute in large part because it was concerned about the problem you mentioned. You have a victim, so you're either going to let the defendant keep the money or the victim gets it back. I understand that. But this is not that context. This is like a criminal context, where not only are you getting your money back, but you also want to assess a kind of criminal penalty. And in that situation, I see a pretty clear line, and I don't understand why the government is so anxious to change what has long been the apparent usage of the statute. Just imagine the opposite, which is far more dangerous. Imagine a bank makes a bad loan to a veteran, or a bank tells the FDIC that it's gotten mortgage insurance to help lower-income families buy homes, and then that fraud or falsity escapes detection for five years. The Veterans Administration or the FHA then is barred from bringing a civil penalty action, and there is no private right of action. That's correct. You have a file, and you can't put them in jail either, but you can get your money back. But the reason there is no private right of action in those contexts is in part because government agencies can seek civil penalties. And I cannot imagine that the Congress, which allowed agencies to seek civil penalties where here they had existing remedies, would have thought that the only people who could get away without paying them are the ones who commit fraud or concealment, and that remains hidden for five years. The reason there is no private right of action is not because the government could seek civil penalties. It's because Congress hasn't provided a private right of action. That's right, because it thought that the agencies could seek civil penalties and that was sufficient. Oh, no. In your case, it didn't necessarily think, and that's why we have a case, that they could seek civil penalties 10 years later, 18 years later, however long, so long as they were busy doing other things and didn't have a chance to know. No question. And in the average typical case, the time that Congress afforded is enough, and we're not here claiming any different. It is a generous period. It's five years. And, Mr. Wall, maybe you can explain the SEC's pursuit of this case. The alleged fraud went on from 1999 to 2002. It was discovered in 2003. The SEC waited from 2003 to 2008 to commence suit. What is the reason for the delay from the time of discovery to the time suit is instituted? Justice Ginsburg, there was a lot of back and forth between the parties, document exchanges. They wanted to make additional submissions. The government hoped that there would be a settlement that would encompass all the defendants. Ultimately, there was a settlement that only went to the fund, and Petitioners did not settle, and then the government put together and brought its case. But, Mr. Wall, I'll go even further than Justice Ginsburg. I mean, this case actually seems to me a good example, when Mr. Lyman said there's no natural starting point, and Justice Kennedy and Justice Alito referred to just this is a decision about enforcement priorities. The government had decided not to go after market timers, and it changed its decision when a State Attorney General decided to do it, and it embarrassed them that they had made that enforcement priority decision. And then the government made a different enforcement priority decision. But that's not the kind of situation that the discovery rule was intended to operate on, is it? Wall, I don't think that's fair. We didn't go up to the market. It wasn't market timing that we discovered. What General Spitzer announced was there are advisors that are permitting market timing, but misleading investors about it, and they're doing it in return for investments in other funds that they manage, what are called sticky asset agreements. And then we started doing market sweeps for those agreements. And I don't think we can ignore the evidence here, because we shouldn't decide the case based on feverish hypotheticals. There are 25 reported cases brought by the Commission involving this statute. Nineteen were brought within five years, and they were just reaching back to pick up the beginning of the fraud. In the other six, including this case, the longest lag time was six and a half years from the end of the fraud to bringing the complaint. And the reason is these are dynamic markets. There's a lot going on in the public domain that puts the Commission on notice, inquiry or constructive, and starts the clock running. Not only have we not seen a 10-, a 15-, a 20-year case, we haven't seen a 7-year case. Breyer. Well, if all that's true, and this is a point I want you to – I'm not sure I'm right about this point, but remember your banking case? Now we're sounding like that. I thought, doesn't the doctrine of fraudulent concealment still apply? That is, if the defendant, in fact, takes any affirmative action to hide what's going on, the statute will be told. Is that right? That's right, but that's not what I get. Breyer, as long as that's right, then in all your banking cases, there are bank inspectors all over these banks, I hope, you know, about once a month or so, once a year. And so the chance of their – the chance of this somehow escaping notice without fraudulent concealment, which would allow the government to extend the toll, strikes me as small. But am I right? Just, Breyer, I want to be clear. In the government's view, the concealment would apply, though Petitioners or others like them will be back here making exactly the same arguments. The government's point is just, at equity, fraud and concealment were a pair and the justification was the same for both. Well, perhaps I've missed something. I came in here thinking that both parties were willing to concede for purposes of this case that there was a fraudulent concealment. Is that wrong? I think. I mean, for purposes of presenting the statute of limitations issued this Court. Well, I don't think Petitioners are disputing it here, but I think Mr. Lyman acknowledged earlier that if pressed, his arguments could be leveraged to get rid of the concealment. He didn't concede that there was fraudulent concealment. All he conceded is that there was fraud. But later, concealment to cover up that fraud, I don't think, has been the case. Oh, no, no, not on the – I didn't – I'm sorry, Justice Scalia. I was trying to mislead you. This is not a concealment case. This is a fraud case. I thought it was the opposite. In other words, I thought both parties, for purposes of this argument, are assuming fraudulent concealment has nothing to do with it. We are not to consider fraudulent concealment. This is a fraud case, not a concealment case. Am I right when I say that? Yes. I was just trying to say that once you say there is a concealment exception, the fraud exception follows from equity because they were of a piece. And once you say there is not a fraud exception, the same arguments will be leveraged to get rid of a concealment exception. And the reason that equity treated them as of a piece was the deception was the same. The fraud was self-concealing, or even if it was non-fraud, the defendant could conceal. But either way, except that concealment is, you know, it's sort of a self-starter. It doesn't apply always. It applies when there is concealment. And the person who is being subjected to the longer statute of limitations is on notice that if he fraudulently conceals, he's extending the statute. So I don't think that the one has to go with the other. Maybe they are both equitable doctrines, but that doesn't mean that we have to apply them to this statute. Justice Scalia, for 300 years, English and American courts looking at this problem have said where the defendant's misconduct, be it fraud or be it concealment of a non-fraud, but where the defendant's deception prevents a plaintiff from knowing that he, she, or it has a cause of action, equity suspends the running of a statute of limitations. Those — that has been 300 years. That has been said only with respect to civil actions, not with respect to the government's attempt to exact a penalty. That's correct. Justice Scalia, this is a civil action. I don't think even Petitioners are disputing that. We are on the same ground. But I don't know that you have to — I mean, I'm worried about your giving up the fraudulent concealment. I mean, you wouldn't give up equitable estoppel, would you? If I gave up anything on fraudulent concealment, I would be very clear about that. Breyer, I would say, if we — if the Court were to hold, it seemed to me, and this is, again, tentative to get your response, but if the — if the Court were to hold, the discovery rule doesn't apply. There's nothing in that that says equitable — equitable tolling doesn't apply. Nothing in that that says equitable estoppel doesn't apply. Nothing in that that says fraudulent concealment doesn't apply. Now, you've shaken me a little bit on the fraudulent concealment, but I don't know about the other. Well, all the same arguments are going to apply, Petitioners. Oh, not to equitable estoppel. Oh, sure. Equitable estoppel, the person comes in and says, oh, yeah, I'll tell you all about what I did, but by the way, I won't assert a statute of limitation defense, I promise. And the Court says, hey, you just asserted one, you can't. Justice Breyer, I'm pretty sure that a future case would be back here saying, the text of the statute says nothing about equitable estoppel, and even if you've applied it to everybody else's actions, you can't apply it to me because I'm somehow different. And you will say nonsense in that future case, won't you? And I'll be as right then as I am now. I mean, Petitioners' argument has this sort of air of unreality. You've applied it everywhere else, he says, but not to me. Now, think how odd that is, Justice Scalia, that where you have a background canon that says ambiguities get construed for and not against the sovereign, when the sovereign sues qua sovereign to enforce the laws, that is somehow a subordinate interest, and the sovereign alone cannot take advantage of the fraud discovery rule.  Kagan. And so Mr. Wuerl, why is it that you don't have any cases? I mean, you said way back when, this didn't come up, this is a modern problem. So explain to me why this is a modern problem. This is obviously an old statute. Are you saying that this statute has not been used very — was not used very much until very, very recently? Wuerl, There are — that's right. There are very few cases that deal with this statute at all. And obviously, in this context, because the commissions only had the ability to bring civil penalties for about 20 years. But I think that is not a problem unknown to the law. Again and again, facing garden-variety limitations provisions written just like this one, this Court applied the fraud discovery rule. And now they come in and say, oh, but you've never applied it to this statute. Well, that's true. But everything about this statute is identical as a matter of text and history to the statute of Bailey. The cause of action equally accrued there. And this Court's applied it across bankruptcy, land, cat and cheese. Kagan But I guess what you're running up against is a skepticism that, you know, the government, which has not asserted this power for 200 years, is now coming in and saying we want it. And the question is, why hasn't the government asserted this power previously? Wuerl, There are just very few cases on it. I think there are very few civil penalty actions that are being brought at all, certainly to which this statute apply, and certainly that deal with fraud or consumer and reach outside the 5-year period. And I don't have a great answer for why there aren't cases. All I can tell you is it isn't like there are cases rejecting our arguments. We just see an absence of case law. But what we do see are cases like Exploration Company, where the government comes in, is really suing in a sovereign capacity to redistribute land from some private landowners to another by annulling their patents. And this Court rejects basically exactly the same arguments Petitioners are making and says applies equally to the government when it brings an action as to private plaintiffs. Now, an action for civil penalties, no, the relief here is a little different. But if one looks back at the briefs, the arguments are exactly the same. They made exactly the same claims that the sky was falling there, and for 100 years they have not been true. There is nothing important about this statute as a matter of text, structure or anything else from the other statutes to which this Court has again and again applied the rule. And the justification is the same. It's the defendant's misconduct which keeps the plaintiff from knowing of her cause of action. Roberts. You made the point earlier that it would be very odd that it's only the sovereign that doesn't benefit from the discovery rule when other people can. But it's when it's the sovereign that's bringing the action that the concerns about repose are particularly presented. You know, the sovereign with all of its resources can decide to go after whomever it discovers however many years after, whether it's the Social Security recipient that Justice Breyer mentioned or anyone else. So I at least don't find it unusual that it's the sovereign in particular that doesn't get the benefit of whenever you happen to find out about a rule. No question in the typical case. But what equity has always said is in cases of fraud or concealment, the defendant is not entitled to repose until there is discovery of the fraud. And equity has never looked at the identity of the plaintiff, the elements of the cause of action, the plaintiff's status, role, party to what happened in the case. That has never been. But do you agree that when we're talking about the interests in repose, that the one plaintiff we should be particularly concerned about is the government? I don't think that there's a basis for separating as between private damages, lawsuits, and civil penalties. I think when Congress sets a statute of limitation, that's a limitation on the various forms of legal policy. Scalia, would your argument be different with regard to criminal penalties? Incidentally, what makes something a civil penalty? You just call it a civil penalty and you don't have to prove it beyond a reasonable doubt and you get the benefit of this extension that you're arguing for? Justice Scalia, two very important things. Yes, our argument would absolutely be different in the criminal context. In cases like Marion and Toosie, this Court has explained how statutes of limitations function in the criminal context. It is very different. They are presumptively not equitably told, whereas civil statutes are presumptively equitably told. What makes a penalty a civil penalty? In Hudson v. United States. I mean, a penalty is a penalty as far as I'm concerned, if the government's taking money from me. Justice Scalia, the Court walked through in Hudson v. United States the test for denominating a civil from a criminal penalty. The main thing is what Congress denominates it, although you can look behind that. Here, there is no question that this is a civil penalty. It was denominated by Congress that way, it functions that way, it is phrased that way. I think even Petitioners and all of their amici, not a single person on that side of the case has attempted to argue this penalty is criminal rather than civil under Hudson. Scalia, that is my point, that it is criminal. My point is it doesn't seem to me to make a whole lot of difference as far as these issues are concerned. Justice Scalia, the Court has always said that whether the penalty is civil or criminal carries with it a different set of legal rules or norms, and no party has ever successfully come into the Court and said, well, it may be civil, but it's a little criminal-like, so I should borrow from the criminal context. What about the Halper case? Mr. Chief Justice, I think Hudson overruled Halper in large part, and no one here has asked this Court to label this a criminal penalty. They have asked the Court to call this a civil penalty, and yet say the Fraud Discovery Rule does not apply. That there is no precedent for. Thank you, counsel. Mr. Lyman, you have 5 minutes remaining. Just a few points in rebuttal. First of all, with respect to whether this is a criminal penalty and whether the rules of lenity apply, this Court has held in the Commissioner v. Ackerley case that the rule of lenity applies to civil penalties. Just as in the case of Commissioner v. Ackerley, it's cited in one of the amicus briefs. Second, the concession that you just heard a moment ago, that the statute would not apply as the government says it should apply if this was deemed to be a criminal penalty, we submit under this Court's reasoning in Clark v. Martinez, just gave away the store on the government's case. Because if it is possible, as the government has now admitted it's possible, and I don't want to get into all of the permutations of Hudson, but if it is possible that the label of civil penalty does not — is not dispositive as to whether a penalty is civil or criminal, then as the Court held in Clark v. Martinez, the lowest common denominator applies. One has to interpret this statute so that it is applicable across the range of statutes. And if that's so, then it follows it runs from accrual, as that word is commonly understood. Next point, the government said that there are no cases where the Court considered the claim that it is making. We would point the Court's attention to the Rotella case, in which, in the context of a private plaintiff who did not have the resources of the government, the argument was made that the RICO statute should have a discovery of the violation type principle. And the argument was made there that RICO can encompass a pattern of fraudulent acts, and the plaintiff in that case said, as the government says here, fraud can be concealed, can be complex, can be difficult to discover. And the Court unanimously had a response to that. The response was that at least as soon as you know of the injury, where there is an injury element, the difficulty of discovery of the actual violation doesn't defer the running of the statute of limitations. It would defeat the purposes of a statute of limitations. The government also argued that the problems of privilege are not significant ones. We would point the Court's attention to the joint appendix in the Second Circuit, where the government asserted privilege with respect to our questions about its investigations of the counterparty to this alleged quid pro quo. The Court also asked a question of whether there are any cases in which courts have dealt with government agencies being diligent and the claim being the government agency was not diligent. The Court has dealt with that in a related context, in the Heckler v. Cheney context. And in the Heckler v. Cheney context, the Court held that type of issue, how an administrative agency treats facts that are — that it discovers, and whether it chooses to bring a claim or not, whether it chooses to believe that they are in violation of a statute the agency is charged with administering, is not fit for judicial review. No different result should apply here. Just two more points. The False Claims Act has a — which has an explicit discovery rule, also has a statute of repose. It would be very odd indeed if the one circumstance where Congress — one of the few circumstances where Congress chose to use the word discovery was where the government was injured and they — Congress chose to impose a statute of repose, whereas they say in the hundred or so other statutes that use language, fraud-like language, Congress intended there to be discovery and no repose. And that really ties into the last point, which is that there are, by our count, if you look at fraud, misleading, false statements-type statutes, there are somewhere like 80 or 100-type statutes that use that kind of language that would be applicable if this Court affirms the Second Circuit. This case was in — government says this case was an outlier. There's no reason to believe this case will remain an outlier. Thank you. Roberts. Thank you, counsel. Counsel. The case is submitted.